Thomas C. Chimera, J.
The accident occurred on Thursday, September 18, 1958, at approximately 3:00 p.m. Plaintiff says that she had just emerged from the building at the southwest corner of 59th Street and Sixth Avenue • (100 Central Park South); her immediate objective was a bus stop directly across the street, where she expected to board a westbound bus on an errand for her employer, whose professional offices were located in the building described. She testifies further that she stepped into the street in an empty bus stop area at a point approximately three feet east of the canopy at that address and waited for the traffic light for east-west traffic to turn red before proceeding across the street; that she was “waved” across by the operator of a car which had already come to a stop in the third lane away from the south sidewalk slightly to the left of her. The operator in question, defendants’ witness “ Basher ”, admits that he was so stopped and that he did “wave” her across. He hedges on the color of the light and fixes the point of the crossing west of the canopy approximately 50 feet from the corner. Both plaintiff and “ Basher ” agree that to the left of plaintiff there were three cars standing abreast at the time — one at the curb, one double-parked and “ Basher’s ” in the third lane. “ Basher ” says that there was one other ear stopped at the curb to the right of plaintiff and that plaintiff was standing in the roadway in front of the double-parked car when he first saw her. Plaintiff denies this.

Both plaintiff and defendant agree that there was no moving westbound traffic directly ahead of plaintiff at the time of the accident.

Plaintiff goes on to say that as she proceeded in front of “ Basher’s ” car and after she had passed it, she was struck by the front right side of defendants’ car, which had “ struck out ” from behind1 ‘ Basher’s ” car into the lane to his left. ‘ ‘ Basher ’ ’ insists that she was not struck but that plaintiff extended her hand outward and onto the middle side of defendants’ car, lost her balance and fell to the ground.
*103 Defendant places the accident more than 100 feet west of the westerly curb of 6th Avenue. She testifies that she does not know what the color of the light was at the time or whether she struck plaintiff with her car. The police officer testifies, however, that when he came upon the scene defendant told him that she had struck plaintiff with the right front of her car.

I find as a fact that both of plaintiff’s hips were bruised in this accident and I attach great significance to this fact. Moreover, the injuries which I find plaintiff suffered as a result of the accident are too severe to have been sustained in a mere fall.

I believe plaintiff’s version of the accident. It is the only logical, fairly consistent and credible story. Defendant’s version is too uncertain and too contradictory to be accorded much weight, and “ Rasher’s ” lacking in objectivity to be accepted in its entirety.
I am convinced that defendant was negligent: first, because by her own testimony “ Rasher’s ” car was stopped ahead to the right of her with brake lights on, long before defendant came abreast of “ Rasher ”, as she says. Under these circumstances, even if defendant did look and did not see plaintiff because of the obstruction thus presented, the situation was such that the emergence of a pedestrian “ from in front ” of Rasher’s car was a foreseeable danger. Defendant should have anticipated it and taken reasonable precautions to keep her car under control. I think she failed in this regard. Coming at 20 to 25 miles per hour (30 to 38 feet per second) was hardly a reasonable precaution under the circumstances. And stopping about six feet ahead after applying her brakes is impossible, in my judgment.
Defendant says that plaintiff was “ jay-walking ”, in violation of sections 40 and 41 of the Traffic Regulations established by the Commissioner of Traffic,' and that such violation constitutes contributory negligence on the latter’s part.
Sixth Avenue (Avenue of the Americas), in Manhattan, ends at 59th Street, or Central Park South. It is a six-lane street pouring considerable traffic into a Central Park northbound road and to the west and east, just south of this road, where it commingles with east and westbound traffic, usually of formidable proportions. Central Park South is and was a wide thoroughfare. Four eastbound lanes were separated by a white line from the lanes reserved for westbound traffic.
Pedestrians crossing Central Park South northwardly to the west of Sixth Avenue, bent on boarding a westbound bus, were then handicapped by the absence of any marked crosswalk in an area where a crosswalk northwardly from the southwest *104 corner of Sixth Avenue and Central Park South would necessarily have to bear diagonally to the left in order to meet the north curb of Central Park South, west of Sixth Avenue. The pattern of that intersection was confusing, to say the least.
In my judgment, on that date any pedestrian crossing northwardly between the entrance to No. 100 Central Park South and the west curb of Sixth Avenue would not be a ■“ jay-walker ’ ’ within the meaning of the law.
The time-honored principle that the negligence of an injured person, in however slight a degree, is a complete defense to an action for damages for negligence is not so narrow in meaning as that utterance would seem to imply.
Assuming, but not deciding, that plaintiff was “ jay-walking ” within the meaning of the law and that such an act was negligence on her part, even then, unless her negligence were a proximate or materially concurrent cause of the accident, it would not be a bar to her recovery. In other words, if plaintiff’s acts were a remote cause of the injury, as I find they were, they would not defeat her claim.
I find enough credible evidence to support plaintiff’s claim of residual injury to her lower back and right anide. I am compelled, however, to reject the “proof” of severe cerebral concussion, internal injuries and herniated disc as vague and unconvincing.
I find her special damages proven to date in excess of $1,000.
While I am convinced that plaintiff was still suffering pain and marked emotional distress from the injuries found even up to the date of trial, I doubt the permanency of any of her injuries and I accept her physician’s conclusion that if she had submitted to proper treatment much of her pain and suffering could have been avoided.
A due consideration for the injuries found, the duration of her pain and suffering, her hospitalization, her loss of earnings proven and her medical expenses incurred and likely to be incurred in the future, entitles plaintiff to recover the sum of $7,500, and I direct the entry of judgment against defendants .accordingly.